THE STATE, on the Relation of LAPLANTE, *v.* WOODMAN and Others.

JUSTICE OF THE PEACE.— *Attachment.*—*Garnishee.*—*Money paid on Condition.*— *Official Bond.*— *Pleading.*— Where a justice of the peace received money from a garnishee in an attachment proceeding against whom there was an order made to pay the money, and afterwards in a suit against the justice and the sureties on his official bond, on the relation of said garnishee, the complaint alleged that the money was paid to the justice, "to be held by him as such justice of the peace, until the final determination and adjudication of the rights of the respective parties connected with said cause, for the person entitled to said money and authorized to receive the same," and that the relator appealed from the judgment within thirty days, and the judgment was reversed, and the relator demanded the money from the justice, who refused to pay;

*Held*, that the complaint did not show a cause of action against the justice and his sureties.

*Held*, also, that if a justice receive money to be held otherwise than as the law directs, his sureties are not liable.

APPEAL from the Knox Circuit Court.

DOWNEY, J.—Suit on the bond of a justice of the peace, by appellant against appellees.

Woodman was elected justice of the peace, gave bond with the other defendants as his sureties, was sworn, and entered upon the discharge of his duties. While he was acting as such justice of the peace, one Kamplain sued La Cost, and the relator was made a garnishee in the action. On the 1st day of December, 1869, he was adjudged by the justice of the peace to pay, and on the 6th day of the same month did pay to the justice the sum of ninety-five dollars and sixty-five cents, as is alleged, "to be held by him as such justice of the peace, until the final determination and adjudication of the rights of the respective parties connected with said cause for the person entitled to said money and authorized to receive the same." Within thirty days from the rendition of said judgment, the relator appealed therefrom to the circuit court, where the judgment was reversed. On the 11th day of August, 1870, the relator demanded of Woodman said sum of money, which he refused to pay.

A demurrer to the complaint stating these facts, for the reason that it did not state facts sufficient, was sustained by the court, and the plaintiff excepted.

The only error assigned is the action of the court in sustaining this demurrer.

We infer from what is said in the complaint, that the action referred to was a proceeding by attachment; that the relator was summoned to answer therein as a garnishee; that he did answer; that judgment was rendered against him; that, in pursuance of the judgment, he paid the amount thereof to the justice of the peace. That after this, and within thirty days, he appealed from the judgment to the circuit court, where the judgment was reversed.

It is not alleged that the money remained in the hands of the justice of the peace until the appeal was taken, but for anything that appears he may have paid it out in pursuance of law. It is alleged that the money was paid to the justice, "to be held by him as such justice of the peace, until the final determination and adjudication of the rights of the respective parties connected with said cause, for the person entitled to said money and authorized to receive the same."

This is not an allegation of a promise on the part of the justice of the peace. It is, at most, only an allegation of the intention of the party paying the money. As the money paid in by a garnishee is designed to be paid by the justice of the peace on the debt of the attaching creditor or creditors, we think that in order to show a cause of action against the justice and his sureties, it should have been alleged that the justice had not thus paid over the money, and that it remained in his hands at the date of the appeal from his judgment, after which time we suppose he could not legally pay over the money on the judgment. But suppose the money was paid to the justice of the peace on a condition different from that which the law would impose upon him, would his sureties be bound for its performance? They become sureties for the performance by him of the duties which the law

imposes on him, and not for the discharge of obligations entered into by him not imposed by law.

Judgment affirmed, with costs.

*W. F. Pidgeon*, for appellant.

*Allen, Usher, and Gardiner*, for appellees.